UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hussein Aden IBRAHIM,<br><br>                       Petitioner,<br><br>v.<br><br>Robert FOX, Warden,<br><br>                       Respondent. | No. 17-cv-0696-BEN-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS (ECF No. 6)** |

Hussein Ibrahim's federal habeas application may be late. The issue turns on whether his prior state habeas petition was "properly filed," thereby tolling his deadline. *See* 28 U.S.C. § 2244(d)(2). The California Court of Appeal ruled that petition untimely (and thus not properly filed). And the California Supreme Court summarily affirmed, writing simply: "The petition for writ of habeas corpus is denied." (ECF No. 7-8, at 1.)

In the tea leaves of those nine discouraging words, however, Ibrahim divines victory. By not discussing the lateness issue, he proclaims, the state Supreme Court tacitly found his state petition timely. But the Ninth Circuit reads these tea leaves differently: when a higher state court affirms without explanation, "the federal court analyzes the last 'reasoned' state court decision." *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (en banc) (citation omitted). This dooms Ibrahim's tolling argument, along with his federal habeas petition.

1

# BACKGROUND

## A. State-Court Trial and Sentencing Hearings (2012-2014)

On January 18, 2012, a jury convicted Ibrahim of two violent crimes: assault by means likely to produce great bodily injury and battery with serious bodily injury. (ECF No. 7-4, at 1.) A couple years later, after he successfully appealed his lengthy sentence, Ibrahim was ultimately re-sentenced to 16 years in prison. (ECF No. 7-2, at 2.)

## B. Judgment Becomes Final (August 30, 2015)

The California Court of Appeal affirmed that 16-year sentence on July 21, 2015. (ECF No. 7-2, at 3.) When the 40-day time limit expired for seeking review in the California Supreme Court—on August 30, 2015—Ibrahim's judgment became "final" for federal habeas purposes. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.366(b)(1) (California Court of Appeal decision "is final in that court 30 days after filing"); Cal. R. Ct. 8.500(e)(1) ("A petition for review [in the California Supreme Court] must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

## C. State Habeas Litigation (August 22, 2016—March 29, 2017)

On August 22, 2016, Ibrahim began state post-conviction proceedings by filing a habeas petition in San Diego County Superior Court, which was denied on October 7, 2016. (ECF No. 7-4, at 2, 7.) Next, on December 6, 2016, he filed a habeas petition in the California Court of Appeal, which eight days later denied his petition as time-barred. (ECF No. 7-5, at 28; ECF No. 7-6, at 1.) Finally, on February 7, 2017, Ibrahim concluded his state habeas journey in the California Supreme Court, which summarily denied his petition on March 29, 2017, stating only: "The petition for writ of habeas corpus is denied." (ECF No. 7-7, at 33, 35; ECF No. 7-8, at 1.)

## D. Federal Habeas Petition (April 5, 2017)

On April 5, 2017, Ibrahim filed his federal habeas petition with this Court. (ECF No. 1.) Respondent moves to dismiss the amended version of that petition as time-barred, as it was filed long after the one-year deadline for federal habeas review. Ibrahim responds that his federal petition is timely because his state post-conviction proceedings tolled the

deadline.

## DISCUSSION

Unless tolling applies, Ibrahim had exactly one year after his judgment became "final" to seek federal habeas review—that is, until August 30, 2016. *See* 28 U.S.C. § 2244(d)(1). Seven months after that deadline, on April 5, 2017, he filed his federal habeas petition. The only issue is whether his state habeas proceedings, which lasted seven months, should be excluded from the calculations, which would make his federal petition timely.

### A. Statutory Tolling

The one-year statute of limitations is tolled during any "properly filed" state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). But "a state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely." *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." (brackets omitted)); *Lakey v. Hickman*, 633 F.3d 782, 785-86 (9th Cir. 2011) ("Because Lakey's untimely [state] petition must be treated as improperly filed, or as though it never existed, for purposes of section 2244(d), the pendency of that petition did not toll the limitations period." (citations omitted)).

Ibrahim concedes that the Court of Appeal found his state petition to be untimely, but argues that the California Supreme Court implicitly disagreed by not commenting on the timeliness issue. Ibrahim reads too much into this silence. When the California Supreme Court agrees with a lower appellate court's timeliness determination, it may "simply issue[] a postcard denial without explanation or citation," as it did here. *See Curiel*, 830 F.3d at 871 (citation omitted); *cf. Evans v. Chavis*, 546 U.S. 189, 195, 197 (2006) (holding that a California Supreme Court summary denial "stating simply, 'Petition for writ of habeas corpus . . . is DENIED,'" did not imply "that the [state habeas] filing was timely") (citation omitted)).

Instead, the en banc Ninth Circuit gives clear guidance on how to deal with such a

3

summary order: "When more than one state court has adjudicated a claim, the federal court analyzes the last 'reasoned' state court decision." *Curiel*, 830 F.3d at 869 (citation omitted). The last such decision here was the California Court of Appeal's opinion. That court expressly deemed Ibrahim's state petition untimely, which means that it was not "properly filed" for federal habeas purposes.

Because the state courts have "clearly ruled" on the lateness of Ibrahim's state habeas petition, that is "the end of the matter." *See Carey v. Saffold*, 536 U.S. 214, 226 (2002). Statutory tolling will not save Ibrahim's federal habeas petition.

**B.    Equitable Tolling**

The statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). Equitable tolling applies "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (citation omitted). The Ninth Circuit cautions that "equitable tolling is unavailable in most cases and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Mirando v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations and quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id*.

Ibrahim argues that he is entitled to equitable tolling for three separate periods. Two of these cannot toll the statute of limitations because they ended before August 30, 2015, when that limitations period began to run. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) ("The first state habeas petition . . . . was denied before that [federal limitations] period had started to run, [so] it had no effect on the timeliness of the ultimate federal filing."). And Ibrahim's final purported span of equitable tolling—from August 22 to October 7, 2016, when his state habeas petition was pending in Superior Court—is too brief to aid his cause. His federal petition was filed 218 days after the one-year deadline, so the exclusion of this 47-day period would not make his petition timely.

# **CONCLUSION**

California's courts ruled that Ibrahim's state habeas petitions were untimely. So, those petitions did not toll the federal filing deadline, and his federal habeas application is late. Thus, this Court recommends that the warden's motion to dismiss be granted and that the first amended petition be dismissed with prejudice.

The parties have 14 days from service of this report to file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving an objection has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2). The parties are advised that failing to file objections within the specified time may waive the right to raise those objections on appeal. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: January 25, 2018

_____
Hon. Andrew G. Schopler
United States Magistrate Judge