# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ADEN IBRAHIM,<br><br>         Petitioner,<br><br>v.<br><br>ROBERT FOX, WARDEN,<br><br>         Respondent. | Case No.: 3:17-cv-00696-BEN-AGS<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION** |

Petitioner Hussein Aden Ibrahim, a state prisoner, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 5, 2017. (Docket No. 1.) On May 5, 2017, Petitioner filed a First Amended Petition. (Docket No. 2.) On June 21, 2017, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus and a Notice of Lodgment. (Docket Nos. 6-7.) On September 15, 2017, Petitioner filed an Opposition to Respondent's motion. (Docket No. 10.)

Subsequently, following review of Petitioner's First Amended Petition, Respondent's Motion to Dismiss, Petitioner's Opposition, and the lodgments, Magistrate Judge Andrew G. Schopler issued a thoughtful and thorough Report and Recommendation ("Report") recommending that the Motion be granted. (Docket No. 13.) Objections to the Report were due by February 8, 2018. (*Id.*) Petitioner timely filed

his objections to the Report. (Docket No. 14.) For the reasons that follow, Petitioner's Objections are overruled, the Report is **ADOPTED**, and the Petition is **DENIED**.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Petitioner objects to the Report's reliance on *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016) (en banc) in recommending that his petition be dismissed as untimely. Petitioner argues that Magistrate Judge Schopler should have interpreted the California Supreme Court's summary denial as a decision on the merits, rather than applying the "look through" doctrine and ultimately adopting the California Court of Appeal's written opinion that his petition was untimely. (Pet'r's Objection at pp. 1-2.) The crux of Petitioner's objection is that the United States Supreme Court *might* disavow or otherwise undermine the "look through" doctrine.[1] (*Id.* at pp. 2-4) (citing *Wilson v. Sellers*, 834 F.3d 1227 (11th Cir. 2016), *cert. granted*, 137 S. Ct. 1203 (U.S. February 27, 2017) (No. 16-6855).) However, as Magistrate Judge Schopler accurately stated, the Ninth Circuit has given "clear guidance on how to deal with" the California Supreme Court's issuance

---

[1] The "look through" doctrine describes "a common practice of the federal courts to examine the last reasoned state decision to determine whether a state-court decision is 'contrary to' or 'an unreasonable application of' clearly established federal law. *Cannedy v. Adams*, 706 F.3d 1148, 1158 (9th Cir. 2013) (citations omitted).

of a "postcard denial without explanation or citation," which is to "analyze[] the last 'reasoned' state court decision." (Report at pp. 3-4) (quoting *Curiel*, 830 F.3d at 869.) Unless and until a controlling court determines otherwise, application of the "look through" doctrine is appropriate where, as here, the California Supreme Court declines to issue a reasoned opinion or cite to any cases that indicates the basis for its determination. *Curiel*, 830 F.3d at 869; *see also In re Robbins*, 18 Cal. 4th 770, 814 n.34 (1998) (explaining that specific reference to certain cases indicates whether a decision has been rendered on the merits or is time-barred).

In sum, the Court agrees with Magistrate Judge Schopler's conclusions that Petitioner's state habeas petitions were untimely, that as a result his federal habeas deadline was not tolled, and that therefore his Petition is also untimely. Thus, dismissal with prejudice is appropriate. Accordingly, Petitioner's objections are hereby **OVERRULED**, the Report and Recommendation is fully **ADOPTED** and Petitioner's Petition is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: February 20, 2018

_____
Hon. Roger T. Benitez
United States District Judge